UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RONALD LAMONT DAVIS,

          Plaintiff,

v.

JENNIFER BAILEY, et al.,

          Defendants.
_____/

Case No. 1:22-cv-790

Honorable Phillip J. Green

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff paid the full filing fee in this action. Further, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Neve. The Court will also dismiss, for failure to state a claim, Plaintiff's

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

claim regarding the violation of the MDOC's policies against remaining Defendants Bailey and Devenbaugh. Plaintiff's First Amendment retaliation claim against Defendants Bailey and Devenbaugh remains in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following individuals who work at the Michigan State Industries (MSI)[2] garment factory at ICF: Supervisors Jennifer Bailey and Emileigh Neve; and Superintendent Wayne Devenbaugh. (Compl., ECF No. 1, PageID.1–2.)

In Plaintiff's complaint, he alleges that he has been employed at the MSI garment factory at ICF since April 26, 2019. (*See id.*, PageID.3.) Plaintiff states that on January 22, 2021, MSI Administrator Christopher Kamrada (not a party) approved changes to MSI's operating manual, which "changed the prisoner employees' eligibility and requirements needed to have a pay increase from a 3C to a

---

[2] The Court notes that MSI is "a bureau of the Michigan Department of Corrections . . . [that] operates about 39 factories in Michigan prisons," *Holt v. Mich. Dep't of Corr., Mich. State Indus.*, 974 F.2d 771, 772 (6th Cir. 1992); *see* Mich. Comp. Laws Ann. § 791.271 (providing that the assistant director of the bureau of prison industries is "vested with the control, management, coordination and supervision of the industrial plants connected with the several penal institutions . . .").

4

4A." (*Id.*; *see also id.*, PageID.3–4 (detailing the specific language of the changes to the operating manual).)[3]

Plaintiff states that at the time of these changes, he had worked at the garment factory for "roughly two years and had been promoted to the pay scale of a 3C for well over a year[]." (*Id.*, PageID.4.) In light of this, Plaintiff should have received a work evaluation—"a CSJ-363"—"from the [garment factory] supervisors, . . . but they continued to refuse the Plaintiff's request" for such evaluation in violation of the MDOC's policies. (*Id.*) After several months of "all of the Defendant[s]" denying him a work evaluation, Plaintiff filed a grievance against all Defendants about the matter. (*Id.*) "As a direct result of the Plaintiff's grievance being filed against the Defendants," Defendants Bailey and Devenbaugh "took adverse actions against the Plaintiff by weaponizing the CSJ-363 work evaluation scoring system" by "writing a bogus CSJ-363 work evaluation against [Plaintiff] with an unjustifiable low score . . . to ensure that the Plaintiff would not be eligible for a pay increase from 3C to 4A–4C." (*Id.*, PageID.5.)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the First Amendment and violated the MDOC's policies. (*See id.*, PageID.4, 7.) As relief, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.7.)

---

[3] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

5

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment Retaliation Claims

Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him. (Compl., ECF No. 1, PageID.7.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### 1.   **Defendant Neve**

In this action, Plaintiff alleges that after he was denied a work evaluation for several months, he filed a grievance against all Defendants regarding this matter. (Compl., ECF No. 1, PageID.4). Plaintiff alleges that after he filed this grievance, Defendants Bailey and Devenbaugh retaliated against him by "writing a bogus CSJ-363 work evaluation." (*Id.*, PageID.5.) However, Plaintiff fails to allege any facts to suggest that Defendant Neve had any involvement in the alleged retaliatory adverse action that was taken against Plaintiff after he filed the grievance. (*See id.*, PageID.4–5.)

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). That is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where a person is named as a defendant without an allegation of specific conduct, the claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff fails to allege any facts to suggest that Defendant Neve had any involvement in the alleged retaliatory action. Accordingly, Plaintiff fails to state a First Amendment retaliation claim against Defendant Neve, and this claim will be dismissed.

### 2. Defendants Bailey & Devenbaugh

With respect to Defendants Bailey and Devenbaugh, Plaintiff alleges that after he filed a grievance against them regarding their denial of Plaintiff's requests for a work evaluation, Defendants Bailey and Devenbaugh wrote "a bogus CSJ-363 work evaluation against [Plaintiff] with an unjustifiable low score . . . to ensure the Plaintiff would not be eligible for a pay increase from 3C to 4A–4C." (Compl., ECF No. 1, PageID.5.)

Although Plaintiff has by no means proven his retaliation claim against Defendants Bailey and Devenbaugh, taking Plaintiff's allegations as true and in the light most favorable to him, Plaintiff's factual allegations plausibly support an inference that Defendants Bailey and Devenbaugh acted with a retaliatory intent. (*See generally id.*) Therefore, the Court may not dismiss Plaintiff's retaliation claims against Defendants Bailey and Devenbaugh on initial review.

### B. Claims Regarding Violation of the MDOC's Policies

Plaintiff implies that Defendants violated the MDOC's policies. (*See* Compl., ECF No. 1, PageID.4.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress

9

for a violation of prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Moreover, to demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Neve will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's claim regarding the violation of the MDOC's policies against remaining Defendants Bailey and Devenbaugh. Plaintiff's First

10

Amendment retaliation claim against Defendants Bailey and Devenbaugh remains in the case.

    An order consistent with this opinion will be entered.


Dated:  December 13, 2022           /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge