UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DAVIS #223815,

       Plaintiff,                          Hon. Phillip J. Green

v.                                              Case No. 1:22-cv-00790

JENNIFER BAILEY, et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF Nos. 26, 27). The parties have consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. 28 U.S.C. § 636(c)(1). For the reasons discussed herein, Defendants' motion will be granted, and this matter terminated.

## BACKGROUND

Plaintiff is a prisoner incarcerated in the Michigan Department of Corrections (MDOC). In 2019, he was hired into the Michigan State Industries' (MSI) garment factory located in Ionia, Michigan. (ECF No. 1, PageID.3). MSI allows prisoners to earn pay for work performed at the factory. (ECF No. 27-2, PageID.117). Plaintiff began his work at the MSI pay grade of 2A. After two years, Plaintiff had been promoted to the 3C pay grade. (ECF No. 1, PageID.4). He then stayed at the 3C pay

grade for roughly a year.  During this time, Plaintiff asked Defendants for a work assignment evaluation (i.e., a CSJ-363), which is required to advance to the next pay grade of 4C.

After failing to receive a CSJ-363 evaluation, Plaintiff filed an internal grievance against Defendants for failing to comply with institutional procedures mandating that prisoner workers receive a CSJ-363 every six months.  (*Id.* at PageID.4, ECF No. 27-7, PageID.178).  Plaintiff then received a CSJ-363 with a score of 31 due to his numerous absences from work and inappropriate attire. (ECF No. 27-5, PageID.143).  A score of 32 is necessary for promotion to Plaintiff's desired pay grade of 4C.  (ECF No. 27-2, PageID.124).

Plaintiff initiated the present action on August 29, 2022, against Defendants Jenifer Bailey,[1] Emileigh Neve, and Wayne Devenbaugh, who are employed in supervisory capacities at the MSI garment factory.  On December 13, 2022, this Court entered an Order dismissing, for failure to state a claim, Defendant Neve as well as Plaintiff's claim regarding violations of MDOC procedures.  (ECF No. 6, PageID.38-39).  Plaintiff's action now consists of a First Amendment retaliation claim, which alleges that his score of 31 was issued in retaliation to the grievance he filed.  (ECF No. 1, PageID.5).  Defendants now move for summary judgment.

---

[1] Although Plaintiff spells Defendant Bailey's first name as "Jennifer", it is apparently spelled "Jenifer".  (ECF No. 27, PageID.97).

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the nonmoving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th

Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and… may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.    **First Amendment Retaliation**  (Count I)

Defendants allege that Plaintiff cannot establish a First Amendment retaliation claim as a matter of law. Specifically, Defendants claim that Plaintiff cannot show he suffered an adverse action, as defined by *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc) (holding that an adverse action is one capable of deterring a person of "ordinary firmness from continuing to engage in that conduct"). (ECF No. 27, PageID.101). Further, Defendants assert that Plaintiff cannot show that his grievance was the but-for cause of the score on his CSJ-363 evaluation. *See Thaddeus-X*, 175 F.3d at 394, 398 (holding that the adverse action must be motivated in some part by the prisoner's protected conduct).

The Court agrees. Even when viewing the evidence in a light most favorable to Plaintiff, a reasonable trier of fact could not conclude either: (1) that Plaintiff's average CSJ-363 score would deter a person of ordinary firmness from filing further grievances; or (2) that the evidence supports an inference of retaliatory motive on the part of Defendants when they issued Plaintiff's CSJ-363 evaluation.

    A.    Protected Activity

To establish a First Amendment retaliation claim, Plaintiff must prove: (1) that he was engaged in protected conduct; (2) that Defendants committed an adverse action against him sufficient to deter a person of ordinary firmness from engaging in the protected activity; and (3) that there is a "but-for" causal connection between the protected conduct and the Defendants' adverse action. *Id*. Moreover,

Plaintiff must be able to prove that the exercise of his protected right was a substantial or motivating factor in Defendants' alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

The parties do not dispute that Plaintiff's filing of a grievance constitutes protected activity. (*See* ECF No. 27, PageID.100-01; ECF No. 28, PageID.182); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996) (holding that prisoners have a First Amendment right to file grievances against prison officials). Accordingly, the Court proceeds to the next step of the analysis: determining whether the CSJ-363 work evaluation constituted an adverse action.

B. Adverse Action

Defendants assert that Plaintiff's CSJ-363 evaluation was not an adverse action for several reasons. First, Defendants claim that Plaintiff's CSJ-363 evaluation was an average score justified by Plaintiff's absenteeism and wearing of improper clothing. (ECF No. 27, PageID.102-04). Second, Defendants allege that Plaintiff "had no constitutional right to a prison job, promotion, or desired pay rate and, thus, suffered no adverse action[.]" (*Id.* at PageID.104). Third, Defendants distinguish the present action from *Walker v. Brewer*, where the district court concluded that falsifying a CSJ-363 work evaluation constitutes an adverse action. (*Id.* at PageID.103) (citing No. 1:13-cv-00349, 2014 WL 1117835, at *3 (W.D. Mich. Mar. 20, 2014)).

Plaintiff, however, claims that the CSJ-363 evaluation has been falsified and disputes that the reduced scoring was justified. (ECF No. 1, PageID.5; ECF No. 28,

PageID.192-93). Specifically, Plaintiff testified that, during the six months prior to receiving the CSJ-363 evaluation, he was not absent from work nor spoken to about improper clothing. (ECF No. 28-1, PageID.206-07). Plaintiff clarified that he was unsure, however, if such incidents occurred prior to that six-month period. (*Id.* at PageID.206-07).

The standard for determining whether particular conduct constitutes adverse action is "whether it is capable of deterring a person of ordinary firmness from exercising his or her [First Amendment rights]." *Smith v. Yarrow*, 78 Fed. Appx. 529, 540 (6th Cir. 2003) (citing *Thaddeus-X*, 175 F.3d at 398). Although the effect on the freedom of speech "need not be great in order to be actionable," § 1983 requires injury and "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise…" *Id.* (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). While this standard excludes *de minimis* or inconsequential actions, it is not limited to "egregious retaliatory acts." *Walker*, 2014 WL 1117835, at *2.

Neither is the definition of adverse action static across all contexts. In the prison context, prisoners "may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Yarrow*, 78 Fed. Appx. at 540. Thus, the "relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Id.* Actions that have been found to constitute adverse

action include: (1) actions comparable to administrative segregation; (2) harassment; (3) physical threats; (4) transfers to prison areas used to house mentally disturbed patients; and (5) deprivations of necessary medications. *Id.* (collecting cases).

Here, Defendants distinguish *Walker v. Brewer*, where the district court held that falsifying a CSJ-363 evaluation to accuse a prisoner of drug smuggling, without an accompanying misconduct ticket or hearing, suffices to constitute adverse action. 2014 WL 1117835, at *3. The district court noted that such an action was not *de minimis* but would instead be capable of deterring a person of ordinary firmness from exercising their First Amendment rights, because the CSJ-363 evaluation caused the plaintiff "to be terminated from his high-paying job, leaving [him] without any means to receive income." *Id.* at *2.

Contrary to the *Walker* case, and construing the facts in the light most favorable to Plaintiff, Defendants' issuance of a CSJ-363 with an above average score does not constitute an adverse action. Unlike in *Walker*, the present suit involves neither termination of employment nor accusations of illegal conduct mandating the entry of a misconduct hearing or ticket. Indeed, according to the MSI Work Rules Manual, the actions that allegedly led to Plaintiff's CSJ-363 score (his absenteeism and improper clothing) do not require the entry of disciplinary, counseling, or misconduct tickets; accordingly, the lack of documentation accompanying Plaintiff's CSJ-363 evaluation does not weigh in favor of finding adverse action like it does in *Walker*. 2014 WL 1117835, at *3; (*see* ECF No. 28-2, PageID.217).

Second, there is no evidence to suggest that Plaintiff's CSJ-363 evaluation and its contents were in fact falsified. While it is true that this is a factual question for a jury, *Kennedy v. Curtis*, No. 2:19-cv-13210, 2023 WL 2974953 (6th Cir. Jan. 24, 2023), Plaintiff acknowledged his uncertainty of whether the incidents described in his CSJ-363 evaluation (absenteeism and improper clothing) had occurred within the six months prior to the evaluation. (ECF No. 28-1, PageID.207). In other words, he does not dispute the notion that the incidents could have occurred more than six months prior. (ECF No. 28-1, PageID.207). Plaintiff's CSJ-363 evaluation does not disabuse this notion, as it was the first evaluation he received in the two years he had worked there, and the evaluation addressed Plaintiff's performance throughout those two years. (*See* ECF No. 27-5, PageID.143). Accordingly, there is thus no dispute of material fact with respect to require a jury determination.

Furthermore, Plaintiff's CSJ-363 evaluation score "did not deprive him of access to an attorney or deprive him from prison employment that allowed [Plaintiff] to pay for an attorney." *C.f. King v. Zamiara*, 150 Fed. Appx. 485, 494 (6th Cir. 2005) (holding that the prisoner-plaintiff's transfer to another prison impermissibly and foreseeably impeded his access to the courts and therefore constituted an adverse action, in part because the plaintiff's high-paying employment was terminated); *see also Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005). No restrictions on Plaintiff's freedom or prison privileges were levied as a result of either Plaintiff's CSJ-363 score or his improper attire and absenteeism. *C.f. Hill v. Lappin*, 630 F.3d 468, 474-75 (6th Cir. 2010) (finding adverse action where prisoner was placed in

administrative segregation, which increased his restrictions and decreased his privileges).

Accordingly, no reasonable juror could conclude that receiving an above average CSJ-363 work evaluation score would deter a person of ordinary firmness from exercising their First Amendment right to file grievances against prison authorities.

C. Causal Connection

Even if the CSJ-363 work evaluation constitutes an adverse action, Defendants allege that Plaintiff cannot show that his grievance was the "but-for" cause of his CSJ-363 score. (ECF No. 27, PageID.104). Specifically, Defendants assert three bases for this contention: (1) Plaintiff lacks evidence to support his claim; (2) Defendant Bailey had no knowledge of Plaintiff's grievance when issuing Plaintiff's CSJ-363 evaluation; and (3) Plaintiff would not have received a promotion even absent his filing of a grievance. (*Id.* at PageID.106-09). The Court agrees.

In the context of trying to defeat the other party's motion for summary judgment, some evidence of retaliatory motive is required: "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a… claim." *Hill*, 630 F.3d at 475 (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005)). Circumstantial evidence of an official's retaliatory motive may suffice, including evidence of disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action. *Id.* (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 525-26 (6th

Cir. 2010)). Moreover, Plaintiff must be able to prove that the exercise of his protected right was a substantial or motivating factor in Defendants' alleged retaliatory conduct. *Campbell*, 250 F.3d at 1037. Once Plaintiff establishes that his protected conduct was a motivating factor behind any harm, the burden then shifts to Defendants to show that they would have taken the same action in the absence of protected activity. *King*, 150 Fed. Appx. at 494 (citing *Thaddeus-X*, 175 F.3d at 399).

First, no reasonable jury could conclude that the circumstantial evidence here supports finding that Plaintiff's grievance was a motivating factor behind his average CSJ-363 score. With respect to temporal proximity, Plaintiff filed his grievance on August 13, 2021, and received his CSJ-363 evaluation ten days later on August 23, 2021. (ECF No. 27-7, PageID.177; ECF No. 27-5; PageID.143). This temporal proximity is "not particularly strong" but does favor Plaintiff. But, an inference of retaliation is overcome by the fact that Plaintiff's grievance was, in the first place, motivated by a desire to obtain a CSJ-363 evaluation. *Yarrow*, 78 Fed. Appx. at 542; *c.f. Kennedy*, 2023 WL 2974953, at *9 (finding that a three-day time period favored Plaintiff). Having filed a grievance seeking to receive a CSJ-363, Plaintiff cannot seek to benefit here from the fact that he did receive an evaluation some time later. (*See* ECF No. 27-7, PageID.180) (stating that Plaintiff's grievance was "partially solved" because "MSI is currently working on getting a completed CSJ-363 out to you.").

Second, Plaintiff has not shown that similarly situated prisoners who engaged in the same conduct received a different CSJ-363 score or promotion. Defendants

have submitted evidence (specifically, CSJ-363's for other prisoners) tending to show that Plaintiff's score was average and, indeed, a higher score than other prisoners' who were regularly absent from work. (*See* ECF No. 27-4, PageID.136-41). Moreover, the fact that this CSJ-363 was the first that Plaintiff received in his two years of working at MSI appears to have been the case for other prisoners as well. Plaintiff does not dispute Defendants' evidence indicating that, at the time, "MSI was behind on CSJ-363 work evaluations for all the workers." (*Id.* at PageID.133).

Third, a reasonable fact finder would conclude that Defendants would have taken the same action in the absence of Plaintiff's grievance, "thus warranting a grant of summary judgment." *Cameron v. Newcomb*, No. 2:19-cv-00071, 2020 WL 7264968 (W.D. Mich. Nov. 16, 2020). Specifically, Defendants produced undisputed evidence that Plaintiff would not have received a promotion even with a higher CSJ-363 score because "[t]here are no current job openings for him to [be] promote[d] a 4 rate in the factory at this time." (ECF No. 27-7, PageID.172). MDOC policy, in pertinent part, permits Defendants to make such decisions and provides that promotions to Plaintiff's desired pay grade are, in any case, not automatic. (ECF No. 27-2, PageID.124).

Accordingly, Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claim. A reasonable fact finder could not conclude that the evidence gives rise to an inference of retaliatory motive on the part of Defendants. *Hill*, 630 F.3d at 475-76 ("evidence of temporal proximity between filing grievances and the adverse action provides some support for establishing retaliatory motive,

[but] [the Sixth Circuit] has been reluctant to find such evidence alone establishes retaliatory motive.").

## II.  Qualified Immunity

Defendants also argue that they are entitled to qualified immunity, because no constitutional right was violated when Plaintiff received his CSJ-363 evaluation. (ECF No. 27, PageID.110-11).  In the alternative, Defendants argue that Plaintiff does not have a clearly established right to desired pay increases at his prison job. (*Id.* at PageID.111).

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation.  *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).  They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated.  *Id.*  When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

For a right to be clearly established there must exist "binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point."  *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015) (citation omitted).  Court decisions examining matters at a "high level of generality" do not constitute clearly established law because such "avoids the crucial question whether

the official acted reasonably in the particular circumstances that he or she faced." *Id.* (citation omitted). The plaintiff need not locate authority in which "the very action in question has previously been held unlawful," but "in light of pre-existing law the unlawfulness [of the defendant's actions] must be apparent." *Id.* (citation omitted). This does not require the plaintiff to identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *al-Kidd*, 563 U.S. at 741).

Here, even if Plaintiff could show Defendants violated his rights under the First Amendment, he has not shown that the right is clearly established. First, Plaintiff fails to articulate or identify authority holding that he has a clearly established constitutional right to pay increases at MSI. (*See, generally,* ECF No. 28, PageID.194-96). And, although a prisoner's right to file grievances is clearly established under the First Amendment, Plaintiff has failed to carry his burden to demonstrate that Defendants' issuance of an above average CSJ-363 work evaluation violated his constitutional rights. Accordingly, qualified immunity applies, and Defendants' Motion for Summary Judgment is granted.

## **CONCLUSION**

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 26) will be granted and this action terminated. An Order and Judgment consistent with this Opinion will enter.

Date: March 13, 2025                                     /s/ Phillip J. Green
                                                                                    PHILLIP J. GREEN
                                                                                    United States Magistrate Judge